UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| K.S., a Minor, by and through his legal guardian PHYLLS GRAHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:19-cv-1046-GMB |
| OFFICER MARKECHA COLEMAN, individually and in her official capacity, and OFFICER GREGORY EDGE, individually and in his official capacity, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Pending before the court is the Partial Motion to Dismiss First Amended Complaint filed by Defendants. Doc. 37. Plaintiff K.S., a minor by and through his legal guardian Phylls Graham, does not oppose the motion. Doc. 40. Accordingly, and for the reasons stated below, the motion to dismiss (Doc. 37) is due to be granted.

## I. JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or that venue is proper in the Northern District of Alabama. The court finds adequate allegations to support both.

## II. FACTUAL BACKGROUND

Plaintiff asserts claims of excessive force, failure to intervene, assault and battery, and outrage against Defendants. Doc. 34. According to the Amended Complaint, on June 21, 2017 around 5:00 p.m., Defendants—identified as Midfield Police Department Officers Markecha Coleman and Gregory Edge—responded to a call about two teenagers occupying a vacant dwelling in Midfield, Alabama. Doc. 34 at 3. The dwelling belonged to the mother of one of the teenagers. Doc. 34 at 3. When the officers entered the dwelling, K.S. and the other teenager were leaving out of the back door. Doc. 34 at 3. K.S. realized that he had left his backpack in the house and returned inside. Doc. 34 at 3. At this point, without any warning, the officers shot K.S. in his stomach. Doc. 34 at 3. Plaintiff's claims arise from this shooting. The claims are asserted against Defendants in both their individual and official capacities.

## III. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

# IV. DISCUSSION

Section 1983 allows a plaintiff to assert claims of wrongdoing against a state actor in either her official capacity or individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* at 25. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). When a police officer is sued in his or her official capacity, that lawsuit is treated as a suit against the entity. *See Kentucky v. Graham*, 473 U.S 159, 166 (1985). This is because "suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent." *Busby v. City of Orlando*, 93 F.2d 764, 776 (11th Cir. 1991).

Here, Plaintiff filed an amended complaint for the purpose of dismissing the City of Midfield as a defendant. Docs. 24 & 34. But Plaintiff nevertheless stated official capacity claims against two City of Midfield officers. Because a suit against Officer Coleman and Officer Edge in their official capacities is the functional equivalent of a suit against the City of Midfield, Defendant requests that the official capacity claims be dismissed. Doc. 37. Plaintiff does not oppose this request. Doc. 40. Accordingly, the Partial Motion to Dismiss First Amended Complaint (Doc. 37)

is due to be granted.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the unopposed Partial Motion to Dismiss First Amended Complaint (Doc. 37) is GRANTED. The claims against Defendants in their official capacity are DISMISSED without prejudice.

DONE and ORDERED on March 13, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE